UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOUTHWESTERN BELL TELEPHONE, L.P., *et al.*, | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3: 04-CV-0669-B |
| | § | ECF |
| ARTHUR COLLINS, INC., | § § | |
| Defendant. | § | |

### MEMORANDUM ORDER

Before the Court is Arthur Collins, Inc.'s ("Collins") Motion for Summary Judgment (Partial) on the Issue of Inequitable Conduct (doc. 363), filed February 24, 2006. Because the issue of inequitable conduct was untimely added to this suit, the Court does not reach its Rule 56 analysis but GRANTS Collins's motion to strike the improperly added portion of Southwestern Bell's Reply to Amended Counterclaim.

### I. BACKGROUND

This declaratory judgement action concerns two patents Collins holds for a dynamically reconfigurable time space time switch ("DRTST"): 4,701,907 ("the '907 patent") and 4,797,589 ("the '589 patent"). According to Southwestern Bell, Collins has asserted that switching systems in Southwestern Bell's central offices infringe the patents-in-suit and has threatened suit for infringement unless the company purchases a license from Collins. (Am. Compl. ¶¶ 10-11) Southwestern Bell originally filed suit on March 31, 2004, seeking a declaratory judgment of non-infringement and invalidity of the patents-in-suit. (doc. 1) In its answer, Collins included a

1

counterclaim of infringement against Southwestern Bell and requested compensatory damages, treble damages, and an injunction. (Ans. & Countercl. ¶¶ 7-11) In November 2004, the Court entered a scheduling order which set a June 27, 2005 deadline for the parties to move to amend their pleadings. (doc. 30) Also in November, Fujitsu moved to intervene in this suit based upon allegations of infringement made by Collins outside the context of the instant suit as well as potential indemnity obligations to Southwestern Bell. (Mot. to Intervene at 3) The Court granted Fujitsu leave to intervene in January 2005. (doc. 50)

At an earlier stage in this litigation, AT&T Corporation and Lucent Technologies, Inc. were also parties to this suit; however, the companies entered into a settlement agreement with Collins on February 4, 2005. (Southwestern Bell's Unopposed Mot. to File an Am. Compl. ¶ 1) Southwestern Bell was a third party beneficiary of this agreement. (*Id.* ¶ 2) Because Southwestern Bell believed that Collins was not meeting the terms of the agreement, it moved the Court to allow it to amend its complaint to include a claim for breach of the settlement agreement. (*Id.* ¶¶ 3-5) The Court granted this motion on October 24, 2005, and Southwestern Bell filed the amended complaint in December. (docs. 285, 325) On December 28, Collins amended its answer to address the breach of settlement agreement claim and to exclude Lucent devices from its infringement claims, but no other new claims or defenses were included. (Am. Answer & Countercl. ¶ 12) Southwestern Bell then filed an answer to Collins's amended counterclaim, adding inequitable conduct as a new defense and also arguing litigation misconduct. (Reply to Am. Countercl. at 4-8) On February 24, 2006, Collins moved for summary judgment on the issue of inequitable conduct. The parties have briefed the issues, and the Court now turns to the merits of its decision.

## II. ANALYSIS

Collins initially argued *inter alia* that neither Southwestern Bell nor Fujitsu pled inequitable conduct and that appearance in an expert report was not sufficient to bring the issue into this suit. (Collins's Mot. for Summ. J. at 2)  Plaintiffs then explained that Southwestern Bell pled inequitable conduct in its reply to Collins's amended answer and counterclaim.  (Pls.' Resp. at 1)  Collins countered that Southwestern Bell introduced its inequitable conduct defense in violation of the Court's scheduling order and moved the Court to strike the new defense.  (Collins's Reply at 1-2) Collins is correct, and Southwestern Bell's inequitable conduct defense must be stricken.

Under Rule 16, a court has discretion to enter a scheduling order that sets a deadline for the amendment of pleadings.  FED. R. CIV. P. 16(b)(1).  In the instant case, the Court set a deadline of June 27, 2005 for the parties to move to amend the pleadings to include new claims and defenses. (Scheduling Order at 1)  Southwestern Bell violated this order by filing a reply that untimely added a new defense of inequitable conduct and a new claim for litigation misconduct.[1]  The Court granted Southwestern Bell leave to amend its complaint only for the purpose of adding a claim for breach of the aforementioned settlement agreement.  In turn, Collins properly amended its answer solely for the purpose of refuting the new claim for breach of the settlement agreement.  Southwestern Bell exceeded the scope of the leave granted by the Court when it filed its amended reply and added the defense of inequitable conduct and the claim of litigation misconduct.  For this reason, the two issues are not properly before the Court, and the Court GRANTS Collin's motion to strike.

---

[1] Although none of the parties discuss the claim of litigation misconduct in their summary judgment briefing, the Court must strike that claim for the same reason it must strike the inequitable conduct defense: it was untimely added in violation of the scheduling order.

### III. CONCLUSION

Because Southwestern Bell's addition of the sections entitled "Inequitable Conduct and Fraudulent Procurement" and "Exceptional Case, Rule 11 and Litigation Misconduct"[2] to its Reply to Amended Counterclaim was untimely, the Court GRANTS Collins's motion to strike. Both sections shall be stricken from the reply.

**SO ORDERED.**

**SIGNED** September  27th , 2006

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[2] A district court retains jurisdiction to decide Rule 11 issues even if the parties are no longer before it. *See Willy v. Coastal Corp.*, 503 U.S. 131, 137-38 (1992). Even though their Rule 11 claims will be stricken from the reply, the Plaintiffs may renew those litigation misconduct claims in a separate motion at a later time.